# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY LOCKETT, <br><br> Plaintiff, <br><br> v. <br><br> ADOLESCENT ADJUSTMENT CENTER NFP, <br><br> Serve at: <br> Bernard Ralph Polt <br> 353 N 88th ST (REAR) <br> Centerville, IL 62203 <br><br> and <br><br> BERNARD POLT <br><br> Serve at: <br> 353 N 88th ST (REAR) <br> Centerville, IL 62203 <br><br> and <br><br> AMY POLT <br><br> Serve at: <br> 2704 Saeger Rd. <br> Millstadt, IL 62260 <br><br> Defendants. | Case No 19-1027 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Tracy Lockett ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Adolescent Adjustment Center NFP, and Bernard Polt and Amy Polt, individually, (hereinafter referred to as "Defendants") states as follows:

1

# INTRODUCTION

1. This is an action for unpaid minimum wage, unpaid overtime compensation and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Plaintiff also asserts claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiff for all hours worked.

2. Between approximately May 1, 2019 and July 31, 2019, Defendants employed Plaintiff as a teacher's aide at their school, JTC Academy, in Centerville where she was an hourly employee.

3. Plaintiff, having no professional degree or training, was tasked primarily with watching over children, filling out behaviour reports, and performing other menial tasks at the direction of her supervisors. Plaintiff had no management authority or discretion in her role.

4. Plaintiff regularly worked for Defendants in excess of forty (40) hours per week for several individual work weeks; Plaintiff should have been paid overtime for these hours.

5. Upon information and belief, Defendants would often not credit Plaintiff for all overtime hours worked while employed by Defendants, instead only paying regular wages.

6. Defendants' intentionally, egregiously, and systematically found ways to short nearly every one of Plaintiff's paychecks through their manipulation of her time records.

7. For at least the last five days of Plaintiff's employment, Defendant never paid Plaintiff any wages, regular or overtime.

8. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

9. This Court has jurisdiction of the FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this is a "civil action arising under the… laws… of the United States."

10. Plaintiff was employed in St. Clair County, Illinois, which is located within the Southern District of Illinois. Plaintiff suffered the harms described herein in this district.

11. Venue is proper in this district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

12. This Court has supplemental jurisdiction over Plaintiff's Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act claims pursuant to 28 U.S.C. § 1367.

13. The matters set forth in Count II, the Illinois Minimum Wage Law claims, and Count III, the Illinois Wage Payment and Collection Act claims, arise from the same case and controversy as Plaintiff's Fair Labor Standards Act claims.

## PARTIES

### *Description of Defendants*

14. Plaintiff is a natural person currently residing in St. Clair County, Illinois.

15. Plaintiff was formerly employed by Defendants from approximately May 6, 2019 through approximately July 31, 2019.

16. Within the last year, Plaintiff was employed by Defendants as an "employee," as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

17. Within the last year, Plaintiff was employed by Defendants as an "employee," as defined by Section 3 of the IMWL, 820 ILCS 105/3.

18. Within the last year, Plaintiff was employed by Defendants as an "employee," as defined by Section 3 of the IWPCA, 820 ILCS 115/2.

19. Defendant Adolescent Adjustment Center NFP is an "enterprise" as defined by Section 3(r)(2) of the FLSA, 29 U.S.C. § 203(r)(2), and is an enterprise operating as a school approved by the Illinois State Board of Education.

20. In the alternative, Defendant Adolescent Adjustment Center NFP is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

21. Upon information and belief, Defendant Adolescent Adjustment Center NFP's gross volume of business done has exceeded $500,000 in the year 2019.

22. Defendants Adolescent Adjustment Center NFP, Bernard Polt, and Amy Polt were Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d).

23. Defendants Adolescent Adjustment Center NFP, Bernard Polt, and Amy Polt were Plaintiff's "employer" as the term is defined by the IMWL, 820 ILCS 105/3.

24. Defendants Adolescent Adjustment Center NFP, Bernard Polt, and Amy Polt were Plaintiff's "employer" as the term is defined by Section 2 of the IWPCA, 820 ILCS 105/2.

25. At all times relevant, Defendants Bernard and Amy Polt have operated and controlled Adolescent Adjustment Center NFP's JTC Academyand its policies and procedures.

26. Defendant Adolescent Adjustment Center NFP is an Illinois entity.

27. Defendant Bernard Polt is an Illinois resident.

28. Defendant Amy Polt is an Illinois resident.

29. All Defendants reside within this judicial district.

### *The Role of Defendants Bernard and Amy Polt*

30. Upon information and belief, Defendants Bernard and Amy Polt are the owners, officers, directors, and/or managing agents of Adolescent Adjustment Center NFP.

31. Upon information and belief, Defendants Bernard and Amy Polt participated in the day-to-day operations of Defendant Adolescent Adjustment Center NFP and acted intentionally and maliciously with respect to Plaintiff as described herein.

32. Bernard and Amy Polt are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and Regulations promulgated thereunder, 29 C.F.R. § 791.2, and are jointly and severally liable with Defendant Adolescent Adjustment Center NFP.

33. Upon information and belief, Bernard and Amy Polt are the owners and managers of Adolescent Adjustment Center NFP. At all times relevant, they had the final authority to hire, fire, compensate, or withhold compensation from employees.

34. Upon information and belief, Bernard and Amy Polt supervised Plaintiff's daily work, set Plaintiff's work schedule, and set all conditions of Plaintiff's employment with Defendants.

35. Upon information and belief, Bernard and Amy Polt determined the rate and method of payment for Plaintiff's wages.

36. Upon information and belief, in conjunction with and on behalf of Adolescent Adjustment Center NFP, Bernard and Amy Polt maintained employment records for Plaintiff.

## FACTS

### *Plaintiff is Hired at the School at $11/hr, Defendants Steal Her Wages*

37. Beginning in May of 2019, Plaintiff agreed to work for Defendants at JTC Academy for $11.00 an hour for all regular hours worked each week.

38. Upon information and belief, Plaintiff and Defendants also agreed that Plaintiff would work many overtime hours as the need arose; for these hours in excess of forty (40) per week, Plaintiff was to be paid one and one-half times her regular rate of pay or, $16.50 per hour.

39. Plaintiff has no advanced degree or professional training of any kind.

40. Plaintiff's main duties were to babysit students and fill out forms if there were any behavioral incidents. Plaintiff always worked at the direction of her supervisors, assisting with whatever menial tasks might be needed of her.

41. Plaintiff was not engaged in any sort of office or administrative work, and often spent hours on her feet babysitting students. Plaintiff was not a manager or engaged in any hiring or firing, could not set her own schedule, and had no control over other employees.

42. Plaintiff was a typical hourly, non-exempt worker for whom the FLSA's, IMWL, and IWPCA protections existed at all times relevant.

43. Upon information and belief, for nearly every pay period Plaintiff worked for Defendants, they would not pay Plaintiff for all hours worked or otherwise pay all overtime hours worked at the overtime rate of pay.

44. Plaintiff would review her paychecks after every pay period and find that not all hours worked during the previous two week pay period were on her pay stubs.

45. Upon information and belief, Defendants would make adjustments to Plaintiff's hours before paying her so that Defendants could get away with paying Plaintiff less.

46. One such area of reduction may have come from Plaintiff's lunch breaks, or lack thereof. Plaintiff was required to continue working during her lunches as she was not allowed to stop supervising her students. Defendant could not discount this time from Plaintiff's paycheck because Plaintiff was required to continue working during this time.

47. Irrespective of whether this was the rationale behind Defendants' impermissible deductions to Plaintiff's paychecks, it is clear that hours Defendants were claiming were much less than those that Plaintiff recalled working during that pay period.

48. Because of Defendants' pervasive adjustments to Plaintiff's hours and practice of not listing her hours by day on her pay stub, it is currently difficult for Plaintiff to know exactly how many hours she was shorted by Defendants between May 6, 2019 and July 31, 2019. Nonetheless, Plaintiff can estimate that she is owed thousands of dollars for many unpaid hours.

### *Plaintiff Works Many Overtime Hours Without Adequate Compensation*

49. Virtually every working week, Plaintiff worked many hours in excess of 40 hours per week at the school at Defendants' request.

50. Upon information and belief, Defendants engaged in several practices to deprive Plaintiff of the proper overtime pay she was entitled to under the statutes.

51. For instance, Defendants' would often only compensate Plaintiff for part of the overtime hours Plaintiff actually worked as part of their scheme to reduce Plaintiff's hours each week mentioned above.

52. Also, upon information and belief, Defendants would sometimes compensate for overtime hours, but only at the regular hourly rate of $11.00 instead of $16.50.

53. Defendants poor time keeping practices mixed with their pervasive adjustments to Plaintiff's paychecks have made it impossible for Plaintiff to know exactly how many overtime hours she has been shorted by Defendants.

### *Exemplar Period - May 12, 2019 through May 25, 2019*

54. Plaintiff's paystub for the period ending on 25, 2019, states that Plaintiff was working for Adolescent Adjustment Center NFP, JTC Academy, and that for this time period Plaintiff worked eighty (80) hours.

55. Plaintiff was compensated at her regular $11.00 per hour rate for those eighty (80) hours, for a total of $880 for that period.

56. Defendants also include a payment for "other" of $242.00 but fail to specify how many hours Plaintiff worked and at what rate Plaintiff was paid for these hours.

57. Upon information and belief, this payment of $242.00 represents twenty-two (22) hours of overtime Plaintiff worked for the School.

58. Defendants did not list these as overtime hours in an effort to avoid paying Plaintiff the $16.50 per hour Plaintiff was entitled to for hours worked in excess of forty (40) in any given work week.

59. This does not count any hours that Plaintiff may have been shorted.

60. Defendants pay stubs only provide hours for every two week period, so it is not possible to know exactly how Plaintiff's eighty hours were worked for each one week period.

61. Plaintiff worked over one hundred (100) hours during this two week period, so no matter how the hours were split between the individual weeks, Plaintiff still worked at least 22 hours of overtime based on Defendant's own time records.

62. Upon information and belief, Plaintiff should have been compensated $363.00, not $242.00, for the twenty-two (22) overtime hours that Plaintiff worked for Defendant in excess of forty (40) hours in any given one week period.

### *Defendants' Fail To Pay Plaintiff's Last Days Worked*

63. Plaintiff was terminated from her employment on July 31, 2019.

64. The last pay stub that Plaintiff received was for the period ending on July 20, 2019.

65. Plaintiff never received final wages for at least five days worked between July 20 and July 31, 2019.

### *Defendants' Violations were Egregious, Intentional, and Systematic*

66. Upon information and belief, for nearly every one of Plaintiff's paychecks Defendants did not count all hours Plaintiff worked, credited Plaintiff with "other" payments on her paychecks to avoid paying overtime for all hours worked, and otherwise failed to provide proper compensation due to Plaintiff.

9

67. The injuries in fact are fairly traceable to the challenged actions of Defendants in that Defendants failed to pay Plaintiff for all hours worked and failed to pay the overtime rate of pay for all overtime hours.

68. Plaintiff has suffered injury, incurred damage and financial loss as a result of Defendants' conduct complained of herein, including the loss of wages, the loss of overtime pay, the loss of the use of her money, attorneys' fees and costs, and other personal expenses.

69. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I - Violations of the FLSA

70. Plaintiff re-alleges and incorporates by reference all of the above paragraphs, as if fully set forth herein.

71. Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq., by failing to pay overtime pay to Plaintiff for all time worked in excess of forty (40) hours in one or more individual workweeks.

72. In one or more individual workweeks, Plaintiff worked in excess of forty (40) hours per week.

73. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

74. Defendants did not pay Plaintiff one and one-half times her regular rate of pay for the time she worked in excess of forty (40) hours in individual workweeks.

75. Defendants' failure to pay overtime to Plaintiff in one or more individual workweeks for the time she worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

76. Defendants further failed to pay Plaintiff proper overtime by not paying Plaintiff any compensation for hours that they did not credit Plaintiff with working in weeks where Plaintiff had already worked forty (40) hours.

77. In weeks where Plaintiff did not work in excess of forty (40) hours per week, Defendants failed to pay Plaintiff the minimum wage for hours worked by not credited by Defendants, for these hours Plaintiff was paid $0.00 per hour.

78. For the period between July 20, 2019 and the end of her employment on July 31, 2019, Defendants failed to pay Plaintiff the minimum wage because no payments were made for the hours worked during this period.

79. Defendants failure to pay Plaintiff the minimum wage during this period was knowing and willful as they did not even attempt to comply with FLSA.

80. Defendants are liable to Plaintiff for minimum wage violations in addition to the aforementioned overtime violations.

81. Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff proper overtime pay, failing to credit and pay overtime, and for minimum wage violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendant's conduct violated the FLSA;

B. A judgement in the amount of one-half times Plaintiff's regular rate of pay for all time worked in excess of forty (40) hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

D. A judgement in an amount to be determined by a jury for all hours worked but not paid by Defendants.

E. Unpaid minimum wages due for the last pay period.

F. Liquidated and/or punitive damages for knowing and willful violations for failure to pay minimum wage.

G. Prejudgment and post-judgement interest.

H. Costs incurred in filing this action along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) ; and

I. For such other relief as the Court may deem just and proper.

## COUNT II: Violations of the IMWL

82. Plaintiff re-alleges and incorporates by reference all of the above paragraphs, as if fully set forth herein.

83. Defendants violated the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

84. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at one and one-half times her regular rate of pay for time worked in excess of forty (40) hours per week.

85. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq*.

86. Defendants failed to pay Plaintiff one and one-half her regular hourly rate for all hours worked in excess of forty (40) hours per week.

87. Defendants thus violated the Illinois Minimum Wage Law by failing to compensate Plaintiff one and one-half times her regular rate of pay for the time she worked in excess of forty (40) hours per week.

88. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of five percent (5%) "of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

89. Defendants further failed to pay Plaintiff proper overtime by not paying Plaintiff any compensation for hours that they did not credit Plaintiff with working in weeks where Plaintiff had already worked forty (40) hours.

90. In weeks where Plaintiff did not work in excess of forty (40) hours per week, Defendants failed to pay Plaintiff the minimum wage for hours worked by not credited by Defendants, for these hours Plaintiff was paid $0.00 per hour.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the IMWL;

B. A judgement in the amount of one-half times Plaintiffs regular rate for all time she worked in excess of forty (40) hours per week;

C. A judgment in the amount of one and one-half times Plaintiff's regular rate for all overtime hours unpaid;

D. A judgement in an amount to be determined by a jury for all hours worked but not paid by Defendants.

E. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

F. Reasonable attorneys' fees and costs incurred in filing this action; and

G. For such other relief as the Court may deem just and proper.

### COUNT III: Violation of the IWPCA - Unpaid Wages

91. Plaintiff re-alleges and incorporates by reference all of the above paragraphs, as if fully set forth herein.

92. Defendants' violated the Illinois Wage Payment and Collection Act for their failure and refusal to pay Plaintiff for wages she earned during her employment, including five or more days of unpaid wages for her last week of employment with Defendants.

93. Defendants agreed to pay Plaintiff an hourly rate of pay for all hours worked.

94. Defendants failed to pay Plaintiff wages for hours worked between July 20, 2019 and the end of her employment on July 31, 2019.

95. Also, upon information and belief, during nearly every pay period from May 6, 2019 through July 31, 2019, Defendants did not pay Plaintiff all regular and overtime hours due and owing to her.

96. Defendants were required to pay for all the work she performed at the rate agreed by the parties, $11.00 an hour for regular hours and $16.50 per hour for overtime hours.

97. Defendants failure to pay Plaintiff for all work she performed at the rate agreed to by the parties violated the IWPCA. 820 ILCS 115/4, 820 ILCS 115/5.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendant's conduct violated the IWPCA;

B. Judgement in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

C. Prejudgement interest on the back wages in accordance with ILCS 205/2;

D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #6279483 - Lead Counsel
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:   (636) 333-1212

Attorney for Plaintiff